## WALTER BROWN v. STATE OF FLORIDA

11 So. (2nd) 476          January Term, 1943
January 22, 1943          Division A

*E. P. Martin* and *D. M. Martin,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

BUFORD, C. J.:

Appeal brings for review judgment of conviction under the second count of an information which charged, "that Walter Brown, of the County of Polk and State of Florida, on the 18th day of May, in the year of our Lord, one thousand nine hundred and forty-one, in the county and State aforesaid, did unlawfully, while in an intoxicated condition and while under the influence of intoxicating liquor to such an extent as to be deprived of full possession of his normal faculties, drive and operate a certain motor vehicle, to-wit, an automobile, a further description thereof being to the Solicitor unknown, over a highway, street and thoroughfare of the State and county aforesaid, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.

"Count 2. Be it further remembered that Wm G. Carver, acting County Solicitor for the County of Polk, prosecuting for the State of Florida in said county, under oath information makes that Walter Brown, of said State and county on the 18th day of May, 1941, did unlawfully, knowingly and wilfully resist and obstruct and oppose Kenneth Barfield Constable in said County, he being a person duly authorized to execute process, and did then and there do violence to the person of the said Kenneth Barfield, while the said officer was engaged in making a lawful arrest, . . ."

The second count of the information is sufficient to charge a criminal offense.

There are allegations contained in the motion for new trial which cannot be taken as proof of their verity. There is no transcript of the evidence as presented at the trial submitted for our consideration. The record lodged here fails to show that the motion for new trial was ever presented to or acted upon by the trial court. Nor is there any showing in the record as to when the motion was filed in the court below.

In the light of the record here we cannot say that reversible error was committed. So, the judgment is affirmed.

So ordered.

Affirmed.

TERRELL, CHAPMAN and ADAMS, JJ., concur.